## CIRCUIT COURT OF FAIRFAX COUNTY

Maryland Casualty Co.

v.

GMG Services Corp.

September 18, 2007

Case No. CL 2006-14164

BY JUDGE RANDY I. BELLOWS

This matter is presently before the Court following the August 10, 2007, hearing, during which the Court raised the issue of subject matter jurisdiction and then took the matter under advisement. Upon careful consideration of the parties' legal memoranda of law on this matter, the Court is prepared to enter its decision.

The Court has examined Va. Code § 16.1-92 (2003), all other applicable statutes, and relevant case law. Section 16.1-92 reads in pertinent part as follows:

When the amount in controversy in any action at law except cases of unlawful entry and detainer in a general district court exceeds the sum of $4,500, exclusive of interest, attorney's fees contracted for in the instrument, and costs, *the judge shall, at any time on or before the return day of the process, or within ten days after such return day*, if trial of the case has not commenced and if judgment has not been rendered, upon the application of any defendant, the filing by him of an affidavit of himself, his agent, or attorney that he has a substantial defense to the action, exclusive of the sole issue of the amount or computation of damages, which affidavit shall state the grounds of such defense, and the payment by him of the costs accrued to

the time of removal, the writ tax as fixed by law, and the costs in the court to which it is removed as fixed by subdivision 13 of § 17.1-275, *remove the action and all the papers thereof to a court having jurisdiction of appeals.* . . .

Va. Code § 16.1-92 (2003) (emphasis added). In the instant case, the Order of Removal was signed on November 6, 2006, which is more than the statutorily prescribed period of ten days after the return day, which in this case was October 10, 2006. Therefore, the Court has concluded that the proper remedy is to remand this case back to the General District Court. *See Gaines v. West Winds, L.P.*, 45 Va. Cir. 532, 533 (1998) (remanding cases back to the General District Court because the removal order was entered more than ten days beyond the return day); *Simon, Lafayette & Assocs. v. Gibson*, 44 Va. Cir. 284, 285 (1998) (holding that the case should be remanded to the General District Court due to noncompliance with the statutory requirements for removal).